**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

—————————————————————— x

MIRIAM SPITZ, an individual; on behalf of
herself and all others similarly situated,

               Plaintiffs,

        vs.

SLATER, TENAGLIA, FRITZ & HUNT, P.A.,
a New Jersey Professional Association; JAMES
T. HUNT JR., individually and in his official
capacity; and JOHN AND JANE DOES
NUMBERS 1 THROUGH 25,

               Defendant.

—————————————————————— x

CASE NO.

<u>CLASS ACTION</u>

**COMPLAINT FOR VIOLATIONS OF**
**THE FAIR DEBT COLLECTION**
**PRACTICES ACT**

<u>**DEMAND FOR JURY TRIAL**</u>

12 CV 4932

JUDGE RAMOS

## I. PRELIMINARY STATEMENT

1.     Plaintiff, MIRIAM SPITZ ("SPITZ"), on behalf of herself and the class of all others similarly situated, brings this action for the illegal practices of the Defendants, SLATER, TENAGLIA, FRITZ & HUNT, P.A. ("SLATER TENAGLIA") and JAMES T. HUNT JR. ("HUNT") (collectively "Defendants") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2.     The Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3.     Such collection practices include, *inter alia*, sending consumers written communications which make false representations or implications that an attorney is meaningfully involved in the process of sending those communication.

4.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.      The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. 2006).

7.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations or implications that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. §1692e(3); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C.

-2-

§1692e(10).

8.    The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9.    SPITZ is a natural person.

10.    At all times relevant to this lawsuit, SPITZ is a citizen of, and resided in, the Hamlet of Monsey, Rockland County, New York.

11.    At all times relevant to this lawsuit, SLATER TENAGLIA is a for-profit Professional Association existing pursuant to the laws of the State of New Jersey.

12.    Plaintiff is informed and believes, and on that basis alleges, that SLATER TENAGLIA maintains its principal business address at 230 Park Avenue, Suite 1826, New York, New York 10169.

13.    Plaintiff is informed and believes, and on that basis alleges, that HUNT is a natural person who resides in the city of Ocean City, Cape May County, New Jersey.

14.    Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

15.    Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created,

instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of SLATER TENAGLIA and that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by SLATER TENAGLIA and by and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## III. JURISDICTION & VENUE

16.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

17.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

18.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of SPITZ occurred within this federal judicial district, and because SLATER TENAGLIA is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS CONCERNING THE PARTIES

19.     Sometime prior to July 1, 2011, SPITZ allegedly incurred a financial obligation to Trident University International, ("Trident Obligation").

20.     The Trident Obligation is alleged to have arisen out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

21.     Defendant contends that the Trident Obligation is in default.

22.     The alleged Trident Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

23.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

24.     Plaintiff is informed and believes, and on that basis alleges, that sometime prior to July 1, 2011, the creditor of the Trident Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to SLATER TENAGLIA for collection.

25.     SLATER TENAGLIA collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

26.     SLATER TENAGLIA is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27.     On information and belief, HUNT is a principal owner, director, shareholder, and/or manager of SLATER TENAGLIA.

28.     HUNT attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

29.     HUNT personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the illegal policies and procedures used by other employees of SLATER TENAGLIA.

30.     HUNT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31.     In an attempt to collect the Trident Obligation, Defendants sent SPITZ a letter dated July 1, 2011 ("07/01/11 Letter"). A true and correct copy of the 07/01/11 Letter is attached hereto as *__Exhibit A__*.

32.     The 07/01/11 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

33.     SPITZ presumed that the 07/01/11 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of her account, as there was neither a disclosure nor any admonition indicating otherwise.

34.     Although the 07/01/11 Letter states that it is from a "debt collector," that statement does not rule out the possibility that the letter is from a licensed attorney, as attorneys can be debt collectors.

35.     The salutation and first paragraph of the 07/01/11 Letter states, "Gentlemen: The above claim against you has been turned over to us for the purpose of collection."

36.     The sixth paragraph of the 07/01/11 Letter states in part, "To discuss an amicable resolution, please feel free to call Mike Kouser at 609/399-9960 at extension ." No extension was provided.

37.     Upon information and belief, Mike Kouser is not an attorney licensed to practice in the State of New York or any other state.

38.     The 07/01/11 Letter is purportedly signed on behalf of SLATER TENAGLIA by "James T. Hunt, For the Firm."

39.     Upon information and belief, James T. Hunt is an attorney licensed to practice in the State of New York.

40.     The fact the 07/01/11 Letter appears to be personally signed by a licensed attorney, lends credence to Plaintiff's presumption that the 07/01/11 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of her account prior to mailing same.

41.     The 07/01/11 Letter falsely represents and implies that a licensed attorney was directly or personally involved in reviewing Plaintiff's file or account prior to mailing same.

42.     After receiving the 07/01/11 Letter, SPITZ reasonably inferred – as would a "least sophisticated consumer" – that Trident University International was proceeding more aggressively as it has incurred the expense to hire a law firm, whose attorneys were personally involved with the review and collection of her account.

43.     The 07/01/11 Letter was the first written communication that SPITZ received from SLATER TENAGLIA.

44.     SLATER TENAGLIA intended that the 07/01/11 Letter imply a heightened severity over dunning letters from non-attorney collection companies and that the least sophisticated consumer react with a commensurate level of alarm and concern.

45.     Sometime after receiving the 07/01/11 Letter, SPITZ became informed and now believes, and on that basis alleges, that the 07/01/11 Letter is actually a computer-generated, mass-produced, letter that is sent to consumers at-large without any meaningful attorney review or involvement.

## V.  POLICIES AND PRACTICES COMPLAINED OF

46.     It is Defendants' policy and practice to send written collection communications, in the form attached as *Exhibit A*, in connection with the collection of alleged consumer debts, which make false, deceptive, and misleading representations that any person is an attorney or that any communication is from an attorney.

47.     Such policies and practices are in violation of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

48.     "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley v.*

*Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

49.    "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

50.    On information and belief, the written communications, as alleged in this complaint under the Facts Concerning Plaintiff, number in the thousands.

## VI. CLASS ALLEGATIONS

51.    This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

52.    With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) to whom Defendants sent a written communication materially similar to the form attached as ***Exhibit A***; (c) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (d) which was not returned as undelivered by the United States Postal Service or a process server; (e) during the one year immediately preceding the filing of the initial complaint in this action and ending 21 days thereafter.

53.    The identities of all class members are readily ascertainable from the records of SLATER TENAGLIA and those companies and governmental entities on whose behalf it attempt to collects debts.

54.    Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

55.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibits A***, violates 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

56.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

57.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

58.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibits A***, violates 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the

Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

59.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Defendants' written communications to consumers, in the form attached as ***Exhibits A***, violates 15 U.S.C. §§ 1692e, 1692e(3), or 1692e(10) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

60.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy.

61.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

62.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

63.     The Defendant's written communications in the form attached as ***Exhibit A*** are false, deceptive, and misleading in that these communications were neither drafted by, nor received any meaningful review or involvement from, a licensed attorney prior to the mailing of said letters in violation of 15 U.S.C. §§1692e and 1692e(3).

64.     The Defendants' written communication in the form attached as ***Exhibit A*** constitutes the use of a false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§1692e and 1692e(10).

## VIII.  PRAYER FOR RELIEF

65.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

(i)     For such other and further relief as may be just and proper.

A.     **For the FIRST CAUSE OF ACTION:**

(i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously

set forth and defined above;

(ii)    An award of the maximum statutory damages for Plaintiff and the Plaintiff Class

pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)   For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendants'

collection conduct complained of herein violates the FDCPA;

(iv)   Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §

1692k(a)(3); and

(v)    For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:    Uniondale, New York
          June 11, 2012

Abraham Kleinman, Esq. (AK-6300)
KLEINMAN, LLC
626 RXR Plaza
Uniondale, NY 11556
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
Email: bill@wfhlegal.com

*Attorneys for Plaintiff, Miriam Spitz and all
others similarly situated.*

Exhibit A



**SLATER, TENAGLIA, FRITZ & HUNT, P.A**
ATTORNEYS AT LAW ~ SINCE 1976
TEL: (609) 399-9960 / FAX: (609) 399-5825
WWW.STFHLAW.COM

July 1, 2011

Miriam Spitz
112 Edison CT Apt A
Monsey NY 10952-1944

    RE:  Trident University Int'l
    AMOUNT: $2,360.00
    OUR FILE NO.: NL003473

Gentlemen:

    The above claim against you has been turned over to us for the purpose of collection.

    Unless, within thirty (30) days after receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid.

    If, within thirty (30) days of your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain a verification of the debt or, if the debt is founded upon a judgment, a copy of the judgment, and we will mail to you a copy of such verification or judgment.

    If the original creditor is different from the creditor named above, then upon your written request within thirty (30) days of the receipt of this notice, we will provide you with the name and address of the original creditor.

    **You are put on notice that this firm is a debt collector attempting to collect a debt and any information obtained will be used for that purpose.**

    Please direct all payments to this office. Payments may be made online at www.stfhlaw.com using our law firm file number as stated above. To discuss an amicable resolution, please feel free to call Mike Kouser at 609/399-9960 at extension .

    Thank you in advance for your anticipated cooperation.

    Very truly yours,
    SLATER, TENAGLIA, FRITZ, & HUNT, P.A.

    James T. Hunt
    For the Firm

JTH/kv
THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

..........................................................................................................................................................
\*IMPORTANT: TO INSURE PROPER CREDIT, PLEASE RETURN THIS LOWER PORTION TOGETHER WITH YOUR REMITTANCE.
  Miriam Spitz
  Claim Amount:   $2,360.00
. Our file number : NL003473

                               Slater, Tenaglia, Fritz & Hunt, P.A.
                               Lockbox 4370 • P.O. Box 95000
                               Philadelphia, PA 19195-4370